UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANTHONY VOSS,

                       Plaintiff,

            – against –

DAVID J. SHULKIN, M.D., SECRETARY OF VETERANS
AFFAIRS, DEPARTMENT OF VETERANS AFFAIRS,

                      Defendant.

---------------------------------------------------------------X

Docket Number

**COMPLAINT**

Plaintiff ANTHONY VOSS by his attorneys, FELSENFELD LEGAL PLLC, complaining of the defendant herein, respectfully alleges the following:

## INTRODUCTORY STATEMENT

1. This is an action for money damages to redress the deprivation of the rights secured to the plaintiff under the Constitutions and laws of the United States of America. The defendant has failed to appropriately redress the injuries and damages caused by the improper, discriminatory and retaliatory acts suffered by plaintiff in its decision issued in VA Case No. 200H-0620-2015101674 / EEOC Case No. 520-2016-00044X by Final Order dated August 17, 2017 and served thereafter by "certified mail" (the "Order").

## JURISDICTION

2. That the jurisdiction of this Court is properly invoked under the provisions of §§1331, 1343(3) and 1343(4) of Title 28 of the United States Code, under the provision of under the provisions of 2000e of Title 42 of the United States Code, under the Constitution of the United States and the various amendments thereto.

## VENUE

3. That at the times and places specified herein, the facts out of which the instant action arises occurred entirely within the Southern District of New York. Venue is therefore proper in the Southern District of New York under 28 U.S.C. 1391(b)(2).

4. That the defendant is a federal agency with offices at 300 Hamilton Avenue, City of White Plains, County of Westchester, State of New York, and within the Southern District of New York. Venue is therefore proper in the Southern District of New York under 28 U.S.C. 1391(f)(1).

## PARTIES

5. That at all times herein mentioned, plaintiff ANTHONY VOSS, born on June 19, 1964, was an employable 100% disabled veteran and citizen of the United States of America, and an employee of the Hudson Valley VA Healthcare System, Montrose, New York ("Montrose").

6. That at all times herein mentioned, defendant DAVID J. SHULKIN, M.D., SECRETARY OF VETERANS AFFAIRS, DEPARTMENT OF VETERANS AFFAIRS (the "VA"), was and still is a federal agency, organized and existing by virtue of the laws of the United Sates of America, and which agency was self-charged with the adjudication of the issues complained of by plaintiff, and particularly with regard to the VA operated Montrose facility.

## JURY DEMAND

7. Trial by jury is hereby demanded on all issues so triable.

## FACTUAL ALLEGATIONS

8. In or about December 2012, who was then employed as a (manual/full duty) housekeeping aide since September 2011, which requires one to "lift, push and pull heavy loads," and to "move objects weighing up to 50 pounds" and to "push" rolling stock "which may weigh in excess of 300 pounds up an incline"; had suffered an injury to his knee.

9. In or about mid-April 2013, plaintiff was reassigned to perform clerical (light) duties while he rehabilitated from his injuries.

10. In or about late June 2013, notwithstanding that he had not been medically cleared to return to work as a housekeeping aide, plaintiff was directed by management to return to those duties.

11. Upon information and belief, there were light duty opportunities in housekeeping, and elsewhere at Montrose for which plaintiff was qualified.

12. Upon information and belief, there were light duty opportunities elsewhere at Montrose for which plaintiff was readily qualified, for example: Peer Support Specialist.

13. Shortly thereafter in June 2013, and upon his regularly scheduled orthopedist visit, plaintiff was in writing directed to not return to work as an housekeeping aide until at least the last day of July 2013.

14. Being directed by Montrose's head of Human Resources, Dardanella Russell, to its Workers Compensation coordinator, Christine Fullerton, plaintiff showed Ms. Fullerton the orthopedist's direction who informed him that notwithstanding same, plaintiff "should be recovered" by now.

15. Notwithstanding plaintiff's protests and offer that he remained in "discomfort," Ms. Fullerton directed him to return to his full duty work as housekeeping aide.

16. Plaintiff shortly thereafter made a further appointment with his orthopedist who on July 2, 2013 more fully stated that: "Due to Mr. Voss's condition he cannot return to full duty as of yet. He needs at least four weeks more of physical therapy and treatment before he can reevaluated" for such a return.

17. Plaintiff provided this information on the morning of July 3, 2013 to his housekeeping supervisor, Edward Ruffin, who stated that notwithstanding, since Montrose's Workers Compensation had directed plaintiff was "to report to work," and asked if now plaintiff was "refusing a direct order" to work as a housekeeping aide.

18. Plaintiff asked Mr. Ruffin for a light duty assignment within housekeeping, who replied there were none and again asked plaintiff if he was "refusing to work."

19. Plaintiff feeling "between a rock and a hard place" of facing disciplinary charges, accepted the direction and an assignment to set up a room for a conference of some nature.

20. Later that same day, as plaintiff was attempting to set up a conference table while trying to also protect his knee, he suffered an excruciating pain emanating from his lower back region, through his buttocks and down his leg ("Back Injury").

21. As a result of the Back Injury, plaintiff made an emergency room visit that day, again on July 7, 2013 and then was able to arrange and did visit his orthopedist on July 11, 2013, at all times in severe pain, and in or about October 2013 he filed a complaint with the EEOC based upon the circumstances surrounding the Back Injury, which complaint was eventually resolved.

22. Following the Back Injury, and notwithstanding the continuing nature of his original knee injury, these was notwithstanding a cessation of continuation of pay ("COP") to plaintiff.

23. In or about mid-August 2013, plaintiff, whose education included a post-HS level "Certificate in Theology" (equivalent of apporximately1 year of college), was granted the non-manual labor position as a Peer Support Specialist (with a last rate of pay at $37,983.40), for which position he had originally applied for some months before.

24. Thereafter, plaintiff completed the requirement to achieve a Certificate in Peer Support.

25. In the spring of 2014, allegations were made of an "inappropriate sexual relationship" by plaintiff with a patient (veteran) which led to his filing a second EEOC complaint in August 2014 ("2014 EEOC Filing").

26. On or about October 10, 2014, plaintiff received a letter offering his "Proposed Removal" ("Proposal") from his employment at Montrose based upon the Proposal's conclusion that he'd had an "inappropriate relationship", and thus was to be "removed" from employment at Montrose (which Proposal was ultimately "rescinded").

27. The Proposal stated that plaintiff "will be retained in an active duty status during the advance notice and continue in your administrative detail."

28. The following week, plaintiff asked for a 30-day extension to consult and obtain an attorney regarding his August 2014 EEOC Filing as related to the investigation as advanced by the Proposal.

29. In so granting plaintiff's extension request, in writing and without notice or inquiry as to his physical condition, Montrose immediately reassigned to him to his former position as a housekeeping aide, with a report date to his new supervisor Glenn Cook on October 20, 2014.

30. Upon information and belief, the employment action transferring plaintiff from his then current "administrative detail" (Peer Support Specialist), to housekeeping aide, was in retaliation for his informing of his intent to seek the advice and assistance of an attorney to advance his August 2014 EEOC Filing rather than accept the Proposal.

31. Plaintiff immediately advised that he could not return to that position as he was still under doctor's care for his prior injuries, particularly his Back Injury.

32. Plaintiff provided Ms. Russell on October 21, 2014 two doctors' notes of same date, one of which stated he remained under care for a "low back derangement" and can "work full time, light duty," while the second note offered limitations in his "bending/stooping," with a 10 pound limit for "pushing and pulling" and 15 pounds for "lifting."

33. Several days thereafter, Ms. Russell advised plaintiff that there was no other job for him, and informed him that if he refused assignment, he would be deemed AWOL.

34. Feeling he had no practical alternative but to comply, plaintiff reported to Mr. Cook on October 28, 2014, whereupon Mr. Cook brought plaintiff around the worksite and disparaged him in differing ways, not limited to telling anyone they would meet to "look who is back" and "instructing" plaintiff as to how to "fill up water buckets."

35. Later that same day, the physically compromised plaintiff, attempting to compensate for his prior knee and back injuries, and efforting to pull a cart and adjust the mop water buckets contained thereon, injured his shoulder, an injury which turned out to be a "full pectoris tear" of his "rotator cuff" ("Shoulder Injury"), and for which injury he yet remains under a doctor's care.

36. That same day, October 28, 2014, plaintiff again requested COP, and he provided a doctors note the following day which offered him as "totally incapacitated" through November 10, 2014.

37. Notwithstanding, Montrose insisted that plaintiff had failed to provide sufficient proof within 10 working days of his incapacity, and on November 7, 2014, the 10th calendar day following his Shoulder Injury, directed his COP to be ended retroactive to November 4, 2014, all this despite his further requests for light duty work.

38. The Court is asked to consider that the circumstances well proffer that VA failed to reasonably accommodate plaintiff; to wit, it failed to provide him with opportunities for which he was otherwise qualified.

39. Indeed the Order in considering "reasonable accommodation" ignored the fact that for nearly 18 months prior to his November 4, 2014 Shoulder Injury, he had been assigned various clerical tasks.

40. The Order itself further failed to fully and fairly consider the actual and retaliatory circumstances pursuant to which plaintiff was terminated, as (a) he had a pending EEOC claim based upon actions taken against him by Montrose in connection with allegations of improprieties against him; (b) when Montrose indicated it was going to advance those actions against him; (c) he advised Montrose he was seeking legal counsel in connection therewith; (d) despite Montrose's own assurances that he would retain his current position of Peer Support Specialist, he was transferred; (e) was placed not into another light duty type position as he had principally performed over the previous 18-months; but (f) into a manual labor position; (g) without Montrose first determining whether he could perform those duties; (h) when proof was provided

that he could not so perform; (i) was transferred notwithstanding; (j) suffered (predictable) further injury; (k) whereupon Montrose refused to provide him another light duty position (as it had previously done) position; (l) with Montrose offering the essential argument that it had both fairly and properly classified him as only capable of a manual duty role.

41. Thus, the Order in considering Reasonable Accommodation, Disability Disparate Treatment, Disability Harassment, Retaliatory Harassment and Retaliatory Disparate Treatment, failed to fairly and fully consider the actual circumstances as set forth in the previous paragraph herein.

### AS AND FOR A FIRST CAUSE OF ACTION: THE AWARD OF DAMAGES OF WAS INSUFICIENT IN LIGHT OF THE CIVIL RIGHTS VIOLATION PLAINTIFF PURSUANT TO 42 U.S.C. § 2000e, ET SEQ.

42. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 41 of this complaint as if fully set forth herein.

43. The Court is asked to judicially note, the VA employs well in excess of 501 individuals, and limitation for compensatory injury is $300,000.

44. The Order directed that plaintiff be provided with $70,000.

45. Based upon the factual circumstances as in fact occurred, to wit: (a) Plaintiff had a pending EEOC claim based upon actions taken against him by Montrose in connection with allegations of improprieties against him; (b) when Montrose indicated it was going to advance those actions against him; (c) he advised Montrose he was seeking legal counsel in connection therewith (d) despite Montrose's own assurances that he would retain his current position of Peer Support Specialist, he was transferred; (e) was placed not into another light duty type position as he had principally performed over the previous 18-months; but (f) into a manual labor position; (g) without Montrose first determining whether he could perform those duties; (h) when proof was provided that he could not so perform; (i) was transferred notwithstanding, (j) suffered (predictable) further injury, (k) whereupon Montrose refused to provide him another light duty position (as it had previously done) position; (l) with Montrose offering the essential

argument that it had both fairly and properly classified him as only capable of a manual duty role, the Compensatory award should be increased $230,000, or to the sum of $300,000.

### AS AND FOR A SECOND CAUSE OF ACTION: DAMAGES AWARDED WAS INSUFICIENT IN LIGHT OF THE CIVIL RIGHTS VIOLATION IN RETALIATION SUFFERED BY PLAINTIFF PURSUANT TO 42 U.S.C. § 2000e, ET SEQ.

46. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 45 of this complaint as if fully set forth herein.

47. In light of that (a) plaintiff had a pending EEOC claim based upon actions taken against him by Montrose in connection with allegations of improprieties against him; (b) when Montrose indicated it was going to advance those actions against him; (c) he advised Montrose he was seeking legal counsel in connection therewith; (d) despite Montrose's own assurances that he would retain his current position of Peer Support Specialist, he was transferred; (e) was placed not into another light duty type position as he had principally performed over the previous 18-months; but (f) into a manual labor position; (g) without Montrose first determining whether he could perform those duties; (h) when proof was provided that he could not so perform; (i) was transferred notwithstanding; (j) suffered (predictable) further injury; (k) whereupon Montrose refused to provide him another light duty position (as it had previously done) position; (l) with Montrose offering the essential argument that it had both fairly and properly classified him as only capable of a manual duty role, a facial showing of retaliation is set forth herein.

48. Plaintiff should be awarded for Montrose's egregious and retaliatory conduct, the amount of $5,000,000, or as is otherwise appropriate pursuant to statutory limitations and as determined by the trier of fact.

49. Prayer is made for such recovery therefore.

### AS AND FOR A THIRD CAUSE OF ACTION: AN AWARD OF DAMAGES IS APPROPRIATE FOR THE CIVIL RIGHTS VIOLATION SUFFERED BY PLAINTIFF PURSUANT TO 42 U.S.C. § 2000e, ET SEQ. AS IT FAILED TO AWARD BACKPAY

50. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 49 of this complaint as if fully set forth herein.

51. The Order failed to award backpay from November 4, 2014.

52. In light of that (a) plaintiff had a pending EEOC claim based upon actions taken against him by Montrose in connection with allegations of improprieties against him; (b) when Montrose indicated it was going to advance those actions against him; (c) he advised Montrose he was seeking legal counsel in connection therewith; (d) despite Montrose's own assurances that he would retain his current position of Peer Support Specialist, he was transferred; (e) was placed not into another light duty type position as he had principally performed over the previous 18-months; but (f) into a manual labor position; (g) without Montrose first determining whether he could perform those duties; (h) when proof was provided that he could not so perform; (i) was transferred notwithstanding; (j) suffered (predictable) further injury; (k) whereupon Montrose refused to provide him another light duty position (as it had previously done) position; (l) with Montrose offering the essential argument that it had both fairly and properly classified him as only capable of a manual duty role, an award of backpay is warranted from November 4, 2014 to a date as determined by the trier of fact hereof.

53. Prayer is made for such recovery therefore.

### AS AND FOR A FOURTH CAUSE OF ACTION: AN AWARD OF DAMAGES IS APPROPRIATE FOR THE CIVIL RIGHTS VIOLATION SUFFERED BY PLAINTIFF PURSUANT TO 42 U.S.C. § 2000e, ET SEQ. AS IT FAILED TO AWARD FRONTPAY

54. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 53 of this complaint as if fully set forth herein.

55. The Order failed to address the foregoing and conclude that based upon plaintiff's injuries and the factual circumstances thereof, that (a) plaintiff had a pending EEOC claim based upon actions taken

against him by Montrose in connection with allegations of improprieties against him; (b) when Montrose indicated it was going to advance those actions against him; (c) he advised Montrose he was seeking legal counsel in connection therewith; (d) despite Montrose's own assurances that he would retain his current position of Peer Support Specialist, he was transferred; (e) was placed not into another light duty type position as he had principally performed over the previous 18-months; but (f) into a manual labor position; (g) without Montrose first determining whether he could perform those duties; (h) when proof was provided that he could not so perform; (i) was transferred notwithstanding; (j) suffered (predictable) further injury; (k) whereupon Montrose refused to provide him another light duty position (as it had previously done) position; (l) with Montrose offering the essential argument that it had both fairly and properly classified him as only capable of a manual duty role, an award of frontpay is warranted from the date set forth by the trier of fact and to the date of his anticipated retirement, June 19, 2031.

56. Prayer is made for such recovery therefore.

**WHEREFORE**, plaintiff demand judgment against the defendant on each cause of action, as follows:

(a) On the FIRST Cause of Action, judgment in favor of plaintiff ANTHONY VOSS against defendant for $300,000 minus $70,000 previous paid pursuant to the Order, or $230,000, together with interest, and attorneys' fees as is available by statute;

(b) On the SECOND Cause of Action, judgment in favor of plaintiff ANTHONY VOSS against defendant for $5,000,000, or as is otherwise appropriate pursuant to statutory limitations and as determined by the trier of fact in a sum to be determined by the trier of fact of this action, together with interest, and attorneys' fees as is available by statute;

(c) On the THIRD Cause of Action, judgment in favor of plaintiff ANTHONY VOSS against defendant for the duration and sum to be determined by the trier of fact of this action, together with interest, and attorneys' fees as is available by statute;

(d) On the FOURTH Cause of Action, judgment in favor of plaintiff ANTHONY VOSS against defendant for the duration and sum to be determined by the trier of fact of this action, together with attorneys' fees as is available by statute;

(e) Together with the costs and disbursements of this action, and such other and further relief which to this Court may seem just and proper.

Dated:   Ossining, New York
         November 18, 2017

                                           FELSENFELD LEGAL, PLLC

                                           _____
                                           Steven Felsenfeld, Esq. (SF-2014)
                                           6 Knoll View
                                           Ossining, NY 10562
                                           steve@felsenfelldlegal.com